UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

STATESBORO DIVISION

| | | |
|---|---|---|
| CORNELIUS JONES, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | Case No. CV601-12 |
| | ) | [Underlying CR696-004] |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

Movant has filed a motion to vacate, set aside, or correct his federal prison sentence pursuant to 28 U.S.C. § 2255. For the following reasons, the Court recommends that the motion be DISMISSED.

Movant previously filed a §2255 motion on January 11, 2002, attacking his conviction and sentence. Doc. 1. This Court issued a Report and Recommendation which recommended denial of the motion. Doc. 43. The district judge adopted this Court's Report and Recommendation and denied movant relief. Doc. 46. Since the denial of that motion, movant has filed two other motions in this case seeking resentencing based on the

vacatur of a state conviction, both of which have been denied. Docs. 63, 67, 68, 69. Movant also has filed a "petition for writ of audita querela," which the Court construed as a § 2255 motion and dismissed as successive. Docs. 70, 73.

According to the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, Stat. 1214, "before a second or successive application permitted by [§ 2255] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A); see 28 U.S.C. § 2255 (cross-referencing § 2244 certification requirement).

The Seventh Circuit has held that this provision "is an allocation of subject-matter jurisdiction to the court of appeals. A district court *must* dismiss a second or successive petition, without awaiting any response from the government, unless the court of appeals has given approval for its filing." Nunez v. United States, 96 F.3d 990, 991 (7th Cir. 1996) (emphasis in original). The Eleventh Circuit has reached the same result. Hill v. Hopper, 112 F.3d 1088, 1089 (11th Cir. 1997) (finding district court lacked jurisdiction to consider second § 2254 petition); In re Medina, 109 F.3d

1556, 1561 (11th Cir. 1997) (holding district court properly denied successive petition because movant neglected to obtain certificate from federal appellate court authorizing consideration of motion).

Because movant has already filed under § 2255 and has failed to provide certification from the Eleventh Circuit authorizing this Court to consider this motion, the Court recommends that the motion be DISMISSED as successive.

SO REPORTED AND RECOMMENDED this /s/ day of March, 2007.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA