UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

CORNELIUS JONES

v.  601CV012
    696CR004

UNITED STATES OF AMERICA

ORDER

In one form or another, defendant Cornelius Jones has repeatedly moved this Court for what it has construed to be successive motions for 28 U.S.C. § 2255 relief. *See* 601CV012 doc. # 89 (summarizing his lengthy § 2255 and F.R.Civ.P. 60(b) litigation history, and providing a comprehensive explanation why he must stop moving for such relief here, but instead knock directly on the Eleventh Circuit's door); # 90 (Jones's appeal from that Order); # 97 (appeal denied); *see also Nelson v. Reese*, 214 Fed.Appx. 465, 466-67 (5th Cir. 2007) (§ 2255 is proper remedy for challenging sentence in part based on vacated state-court convictions; movant's successive § 2255 motion to district court, masquerading as a 28 U.S.C. § 2241 motion, presented same issues[1] rejected multiple times previously, thus warranting $250 sanction); *U.S. v. Davis*, 2006 WL 2338207 M.D.Fla. 8/10/06) (unpublished); *Nguyen v. Wiley*, 151 Fed.Appx. 757, 760 (11th Cir. 2005); *Henderson v. Collins*, 2006 WL 1675074 at * 4 (6th Cir. 6/9/06) (unpublished).

Defendant nevertheless continues to litigate his claims here, and now appeals from the Court's denial of his latest motion. Doc. ## 99, 102. He once again moves for a Certificate of Appealability (COA), plus leave to proceed *in forma pauperis* (IFP). Doc. ## 105, 106.

Though certainly as tenacious as fellow § 2255-movant Willie Outler, *see Outler v. U.S.*, ___ F.3d ___, 2007 WL 1373778 (11th Cir. 5/11/07), and most capable in drafting his pleadings (all have been well-presented), Jones simply refuses to directly move the Eleventh Circuit for relief. For that matter, the core of argument has not been frivolous, *see U.S. v. Griffin*, 162 Fed.Appx. 935, 937 (11th Cir. 2006) (citing *U.S. v. Walker*, 198 F.3d 811, 813-14 (11th Cir. 1999) (a federal prisoner may use § 2255 to challenge, reopen and reduce a federal sentence enhanced under the ACCA after one or more of the three predicate state court convictions are later vacated in a state habeas action)), but this Court has already ruled that it did not procedurally err in denying Jones's past § 2255 motions, doc. # 89, and the Eleventh Circuit has affirmed. Doc. # 97.

That means that, whatever Jones says now belongs in a successive motion, *Sullivan v. U.S.* 2006 WL 2990440 at * 3 (M.D.Ga. 10/19/06) (unpublished) (§ 2255 motion based on vacated state-court convictions was denied as both successive and untimely), and that means he must file it *directly* with the Eleventh Circuit.

---

[1] Nelson challenged

> his underlying sentence by arguing that (1) his sentence must be reopened because two state convictions used to enhance his sentence under the Armed Career Criminal Act (ACCA) have been vacated by the state court and (2) his sentence exceeded the statutory maximum because the sentencing judge determined sentencing enhancements based on a preponderance of the evidence, in violation of *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

214 Fed.Appx. at 466.

*Davis v. Pugh,* 2007 WL 914244 at * 1 (11th Cir. 3/28/07) (unpublished) ("When a prisoner has previously filed a § 2255 motion to vacate, he must apply for and receive permission from this Court before filing a successive § 2255 motion. 28 U.S.C. § 2244(b)(3), 2255"). Movant has not shown that he plans to raise issues of any arguable merit to overcome this requirement, so his COA and IFP motions (doc. ## 105, 106) therefore are *DENIED*.

This __4__ day of June, 2007.

_____
B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA