UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

**CORNELIUS JONES,**

Petitioner,

v.                              6:01-cv-012
                                6:96-cr-004

**UNITED STATES OF AMERICA,**

Respondent.

## ORDER

Before the Court is the government's motion to dismiss Cornelius Jones's ("Jones") Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255. ECF Nos. 112; 116; 117. The government asserts that Jones failed to file his motion within the one year statute of limitation no matter when the statute began to run. *See* ECF No. 116. The Court agrees and ***GRANTS*** the motion to dismiss.

### I. FACTS

In July 1996, a jury found Jones guilty of a cocaine distribution conspiracy and using a firearm during a drug-trafficking crime. *United States v. Jones*, No. 6:96-cr-4, at ECF No. 324 (S.D. Ga. July 25, 1996). The presentence investigation ("PSI") revealed that Jones had five prior criminal convictions. Three are of particular relevance here. In 1995, Jones was convicted of (1) using a vehicle to elude; (2) reckless driving; and (3) driving with a suspended license. (PSI ¶ 29.)

For purposes of sentencing on the 1996 drug related convictions, Jones' had a category III criminal history and an offense level of 34 under the sentencing guidelines. The guidelines prescribed a sentence of 188 to 235 months. 18 U.S.C. § 924(c)(1) also mandated a sixty month term, to be served consecutively, for the use of a firearm during a drug trafficking offense. In October 1996, this Court imposed a sentence of 235 months for conspiracy, plus an additional 60 consecutive months for the firearm violation. *Jones*, No. 6:96-cr-4, at ECF No. 393.

In January 2001, Jones filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. ECF No. 1. Jones primarily alleged ineffective assistance of counsel based on his attorney not objecting to a sentencing enhancement based on Jones's three 1995 state convictions, which the state allegedly obtained in violation of his right to counsel. *Id.* This Court denied that motion. ECF Nos. 43, 46. The Eleventh Circuit refused to grant Jones a certificate of appealability. ECF No. 60.

In March 2003, after Jones spent nearly six years working to vacate them, the Court of Appeals of Georgia reversed Jones's 1995 convictions. ECF No. 93 at 45-50. On remand, the state trial court dismissed the charges. *Id.* at 52-53.

On August 25, 2003, Jones filed a motion pursuant to 18 U.S.C. § 3559(c)(7) requesting a reduction in his federal sentence. ECF No. 63. This Court found that Jones's vacated 1995 convictions did not qualify as either serious violent felonies or serious drug offenses under § 3559(c)(7) and denied Jones's motion on that basis. ECF No. 67.

On March 15, 2004, Jones sought a writ of audita querela, again pointing out the vacatur of his 1995 convictions. ECF No. 70. This Court construed that filing as a motion to vacate under § 2255 and denied it as impermissibly second or successive. ECF Nos. 73; 75. The

Eleventh Circuit then denied Jones authorization to file a second or successive § 2255 motion. ECF No. 82; *see* 28 U.S.C. § 2255(h)(2).

In February 2007, Jones filed another § 2255 motion based on the vacatur of his 1995 state convictions. ECF No. 93. This Court once again denied it as successive under § 2255(h), ECF Nos. 94; 99. The Eleventh Circuit also denied Jones a certificate of appealability. ECF No. 109.

## II.   DISCUSSION

The government first argues that Jones's current § 2255 motion is untimely because he failed to file it within one year of either (1) the date the Georgia Court of Appeals vacated his 1995 convictions; or (2) the date the Eleventh Circuit issued its opinion in *Stewart v. United States*, 646 F.3d 856 (11th Cir. 2011). ECF No. 116 at 8-10. In response, Jones argues that his motion is timely because he diligently pursued the vacatur of his 1995 convictions and then filed a motion in this Court within one year of their reversal. ECF No. 117 at 1-2. The Court finds the government's argument more persuasive.

A federal prisoner must file a § 2255 motion within one year of the latest of four possible dates:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

In this case, the Eleventh Circuit affirmed Jones's conviction on January 7, 2000. *See United States v. Brewer*, 199 F.3d 1283 (11th Cir. 2000). Jones's conviction became final ninety days later. *See Clay v. United States*, 537 U.S. 522, 532 (2003). Jones did not file the instant § 2255 motion until November 29, 2012. *See* ECF No. 112 at 5; *United States v. Glover*, 686 F.3d 1203, 1205 (11th Cir. 2012) ("Under the 'prison mailbox rule,' a *pro se* prisoner's filing is deemed filed on the date it is delivered to prison authorities for mailing."). Jones has not argued for either an unconstitutional governmental impediment or a retroactive Supreme Court decision.

The only possible provision under which Jones's motion is timely is subsection (f)(4). In *Johnson v. United States*, the Supreme Court held that a state court order vacating prior criminal convictions used to enhance the sentence of a federal prisoner qualifies as a new "fact" under § 2255(f)(4) and gives that prisoner a new basis to challenge his enhanced federal sentence. 544 U.S. 295, 310 (2005). The one-year limitation period for filing such a motion begins to run from the date the prisoner received notice of the state court order. *Id.*

Here, the Georgia Court of Appeals vacated

2

Jones's 1995 convictions on March 13, 2003. ECF No. 93 at 45-50. Although Jones has not stated exactly when he first learned of that vacatur, he filed a motion to reduce his federal sentence based on it on August 21, 2003. ECF No. 63. Jones obviously knew of the vacatur on that date. At the very latest, the one-year statute of limitations expired on August 22, 2004.

Jones argues that his motion is timely under *Stewart v. United States*, 646 F.3d 856 (11th Cir. 2011). In *Stewart*, the defendant was sentenced as a career offender in June 2002. *Id.* at 857. The Georgia Supreme Court vacated the defendant's prior convictions on July 2, 2008 and on August 15, 2008, the defendant filed his § 2255 motion. *Id.* at 358. The defendant filed his motion well within one year of the vacatur of his prior convictions and so complied with the statute of limitations under § 2255(f)(4). Jones has not done that.

This Court applied *Stewart* to circumstances similar to Jones's in *Bazemore v. United States*, No. 4:11-cv-259, 2012 WL 3552702 (S.D. Ga. Aug. 15, 2012). Bazemore received a federal sentence of life in prison based on his status as a career offender in 1992. *Id.* at *1. Between 1992 and 2000, he filed at least one § 2255 motion, which this Court denied. *Id.* In 2000, Bazemore obtained vacatur of prior state court convictions that had been used to enhance his federal sentence. *Id.* Thereafter, he filed at least one other § 2255 motion, which this Court denied as successive. *Id.*

In 2011, after the Eleventh Circuit issued *Stewart*, Bazemore filed another § 2255 motion. *Id.* The government filed a motion to dismiss arguing that the latest motion was untimely under § 2255(f)(4) because the vacatur occurred in 2000. This Court rejected that argument. *Id.* The magistrate judge reported—and this Court agreed—that *Stewart* re-started the § 2255(f)(4) clock, and that inmates claiming the right to be resentenced on the basis of vacated prior convictions therefore enjoyed a one-year period from *Stewart*'s issuance to file timely § 2255 motions raising that claim. *Id.* at *4.

Jones's current motion is untimely even under this Court's reasoning in *Bazemore*.[1] The Eleventh Circuit issued *Stewart* on July 14, 2011, *see* 646 F.3d at 856, but Jones did not file this motion until December 4, 2012, more than one year later. ECF No. 112.

Jones nevertheless argues that his motion is timely because he diligently pursued the vacatur of his 1995 convictions and then filed a motion in this Court within one year of achieving that vacatur. ECF No. 117 at 2 (citing *Bazemore*). Diligent pursuit, however, is a necessary, but not sufficient, condition for meeting the statute of limitations under § 2255(f)(4). In *Johnson*, the Supreme Court ruled that, to meet the statute of limitations under § 2255(f)(4), a prisoner whose federal sentence has been increased based on prior convictions must (1) act diligently to obtain vacatur of those prior convictions *and* (2) file a § 2255 motion within one year after receiving notice of such vacatur. 544 U.S. at 310. Even assuming that Jones acted diligently, he still did not file this motion within one year of the vacatur.

Jones attempts to excuse his late filing of this § 2255 motion by pointing out that he filed a previous motion within one year after the

---

[1] The government, as it did in *Bazemore*, argues that *Bazemore* incorrectly interprets *Stewart*. *See* ECF No. 116 at 11. The Court finds the government's arguments persuasive. Nevertheless, the Court will not disturb the holding in *Bazemore* for two reasons: (1) that order is currently on appeal before the Eleventh Circuit; and (2) deciding the instant motion does not require a reexamination of *Bazemore*'s interpretation of *Stewart*.

3

vacatur of his state convictions. ECF No. 117 at 2. At bottom, Jones asks the Court to equitably toll the one year statute of limitations.

Jones in fact did file a motion requesting a reduction in his federal sentence pursuant to 18 U.S.C. § 3559(c)(7)—which this Court ultimately denied—in August 2003, five months after the vacatur. ECF No. 63. But the simple fact that Jones filed a timely motion within one year of the vacatur does not mean that this current motion, filed nine years later, should retroactively be deemed timely, even if a change in law after the denial would render that decision incorrect if made today.

Equitable tolling only applies if the petitioner "(1) has been pursuing his rights diligently, and (2) . . . some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010). And *Stewart*'s change in law governing successive § 2255 motions simply is not an "extraordinary circumstance" warranting tolling. *See Gonzalez v. Crosby*, 545 U.S. 524, 536 (2005) (noting that "not every [new] interpretation of the federal statutes setting forth the requirements for habeas provides cause for reopening cases."); *Outler v. United States*, 485 F.3d 1273, 1281 (11th Cir. 2007) (holding that change of law subsequent to petitioner's habeas denial worked by *Castro v. United States* did not warrant equitable tolling).

The government also asserts that Jones's motion is impermissibly second or successive and that claims like Jones's are not cognizable as a habeas claim. *See* ECF No. 116 at 15-18, 19-23. As with the government's argument in favor of undoing *Bazemore*, however, so too with this pair. Neither argument is necessary to decide the present motion, although both are persuasive.

### III. Conclusion.

Jones failed to timely file his § 2255 motion, whether the Court measures timeliness from the moment Jones learned of the vacatur of his state convictions, or from the date the Eleventh Circuit decided *Stewart*. The Court therefore **GRANTS** the government's motion to dismiss.

This _6_ day of February, 2013.

B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

4